IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

**RICHARD SMITH,**
individually,

    Plaintiff,

NO. _____

    v.

**BUTTS FOODS, INC.**,
a Tennessee Corporation,
**RAY E. BUTTS III,** an Individual and
**R.E. BUTTS IV,** an Individual,

**JURY TRIAL DEMANDED**

    Defendants,

_____

**COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT**

_____

Plaintiff, Richard Smith ("Plaintiff"), individually, brings this action against Butts Foods, Inc., Ray E. Butts III, and R.E. Butts IV ("Defendants") and alleges as follows:

## I. INTRODUCTION

1. This lawsuit is brought against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff.

2. At all times material to this Action, Plaintiff Sims performed work for Defendants as a vehicle "fueler", and was classified as exempt from the payment of FLSA overtime compensation for hours worked in excess of forty (40) within weekly pay periods.

3. Defendants misclassified Plaintiff as exempt from the payment of FLSA overtime for hours worked in excess of forty (40) within weekly pay periods when performing his various

1

      non-exempt job duties -- without compensating him fully at the applicable FLSA overtime rates of pay for such overtime work -- during all times material to this action.

4. Upon information and belief, for at least three (3) years prior to the filing of this Action, Defendants willfully and intentionally committed violations of the FLSA.

## II. JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendants in this district and performed work for Defendants in this district at all times relevant to this action. Moreover, Defendants regularly conducted and continue to conduct business in this district, and have engaged in FLSA violations in this district during all material times in this cause.

## III. PARTIES

7. Plaintiff Richard Smith has been employed by Defendants as a vehicle "fueler" employee within this district during the applicable statutory limitations' period herein.

8. Defendant Butts Foods, Inc. is a Tennessee Corporation with its principal office located at 432 N. Royal Street, Jackson, Tennessee 38301-5466 and has been Plaintiff's "employer" as that term is defined under the FLSA during all times material to this action. According to the Tennessee Secretary of State, Defendant Butts Foods, Inc. can be served process through its registered agent: R.E. Butts, IV at 432 N. Royal Street, Jackson, Tennessee 38301-5466.

9. Ray E. Butts III is a stockholder and principal officer of Butts Foods, Inc. and has exercised operational control over Butts Foods, Inc. at all times material herein. Mr. Butts can be served process at 432 N. Royal Street, Jackson, Tennessee 38301-5466.

10. R.E. Butts IV is the Vice President of Butts Foods, Inc., and has exercised operational control over Butts Foods, Inc. at all times material herein. Mr. Butts can be served process at 432 N. Royal Street, Jackson, Tennessee 38301-5466.

## V. ALLEGATIONS

11. Defendant Butts Foods, Inc. has its headquarters in Madison County, Tennessee and is a distributor of protein food products throughout multiple states with warehouses located in Birmingham, Alabama; Hattiesburg, Mississippi; Grenada, Mississippi; and Nashville, Tennessee; as well as in Jackson, Tennessee.

12. Defendant Butts Foods, Inc. owns and operates a mixed fleet of trucks and vans in which it transports food products to customers.

13. Plaintiff was hired by Defendants to keep trucks and refrigeration units fueled that are utilized in Defendants' food shipping operations.

14. Plaintiff has been employed by Defendants within the last three (3) years.

15. Defendants jointly controlled how Plaintiff performed his job and what duties he performed and where he performed said duties.

16. Defendants shared power over hiring and firing decisions concerning the Plaintiff.

17. Plaintiff routinely worked in excess of forty (40) hours per week performing these non-exempt duties.

18. At all material times, Plaintiff was paid a straight wage.

19. Plaintiff has never been paid overtime compensation for performing the non-exempt duties described herein, in violation of the FLSA.

20. Therefore, Plaintiff is entitled to receive from Defendants unpaid overtime compensation for all hours worked at the difference between one and one-half times his regular hourly rate of pay for all hours worked over forty (40) within weekly pay periods during the applicable statutory limitations' period to this action.

21. Defendants have been the "employer" of the Plaintiff and within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Complaint.

22. Defendants employed Plaintiff and were responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, under the control and direction of Defendants Ray Butts III and R.E. Butts IV during all times relevant to this Action.

23. Plaintiff has been an "employee" of Defendants, as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Complaint.

24. Defendants have been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Complaint.

25. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and in the production of goods in interstate commerce, and their employees have been engaged in interstate commerce.

26. Defendants constitute an integrated enterprise as that term is defined in the FLSA, 29 U.S.A. § 203(r).

27. Defendants have employed a time keeping system for tracking and reporting the hours worked by Plaintiff during all times material to this Action.

28. Defendants are unable to bear their burden of showing Plaintiff is within any of the FLSA overtime exemptions.

29. The net effect of Defendants' practice of misclassifying Plaintiff as exempt from overtime compensation, and failing to pay him for all hours worked in excess of forty (40) per week at the applicable FLSA overtime compensation rate of pay, was a scheme to save on payroll costs and payroll taxes for which Defendants have enjoyed ill gained profits at the expense of Plaintiff.

30. Although at this stage Plaintiff is unable to state the exact amount owed to him, he believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

### COUNT I
### FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

31. Plaintiff repeats and re-alleges Paragraphs 1 through 31 above as if they were set forth herein.

32. At all times relevant herein, Defendants have been, and continue to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all times relevant herein, Defendants have employed Plaintiff as an "employee" within the meaning of the FLSA.

34. Defendants have had practice of willfully misclassifying Plaintiff as exempt from the payment of overtime compensation for all hours worked over forty (40) per week, and have failed to pay Plaintiff the applicable FLSA overtime rates of pay (at not less than one and one-half times their regular hourly rate of pay) for all hours worked over forty (40) within weekly pay periods during all times relevant, as hereinbefore described.

35. At all times relevant herein, Defendants have had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff fully for all hours worked in excess of forty (40) per week at the applicable FLSA overtime rates of pay without a good faith basis.

36. Defendants acted willfully, and without a good faith basis, in their failure to pay Plaintiff overtime compensation for all hours worked over forty (40) per week within applicable weekly pay periods during all times relevant to this action.

37. As a result of Defendants' willful failure to compensate Plaintiff fully at the applicable overtime rates of pay for all hours worked in excess of forty (40) within applicable weekly pay periods, they have violated the FLSA, 29 U.S.C. § 255(a).

38. Due to Defendants' willful FLSA violations and lack of a good faith basis, as described above, Plaintiff is entitled, and hereby seeks, to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiff requests this Court to grant the following relief against Defendants:

A. On Count I, an award of compensation for unpaid overtime hours (back pay) to Plaintiff;

B. On Count I, an award of liquidated damages to Plaintiff;

C. On Count I, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff;

D. On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff;

E. On Count I, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

F. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated:  March 26th, 2019.	Respectfully Submitted,

*/s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Paula R. Jackson (TN BPR #20149)
Robert E. Turner, IV (TN BPR #35364)
Nathan A. Bishop (TN BPR #35944)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees*